UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Materion Brush Inc.<br>6070 Parkland Blvd.<br>Mayfield Heights, OH 44124<br><br>      Plaintiff,<br><br>    vs.<br><br>Mafco, Inc.<br>13250 95th Street, North,<br>Largo, FL 33773<br><br>and<br><br>Francis E. Borza, Sr.,<br>400 Normandy Road<br>Madeira Beach, FL 33708<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Judge<br><br><br><br>**Complaint**<br><br><br><br>Jury Demand Endorsed Hereon |

For its complaint against defendants Francis E. Borza, Sr. ("Borza") and Mafco, Inc., ( "Mafco"), plaintiff Materion Brush Inc. ("Materion") states as follows:

### Summary of Case

1. This is an action for injunctive relief to enjoin Mafco's and Borza's disclosure and use of Materion's confidential, proprietary and trade secret information in breach of the 2008 License Agreement (the "License Agreement," a true and accurate copy of which is attached as **Exhibit A**) between Materion, Mafco and Borza, and to compel specific performance of that agreement by Mafco and Borza.

2. Pursuant to the License Agreement, Mafco and Borza granted Materion the exclusive, irrevocable, worldwide right and license to their anodizing and chemical

{5116147:}

coating processes for beryllium-containing metals (the "Mafco Coating Process"). Mafco and Borza also agreed to promptly disclose and assign over to Materion all improvements relating to the Mafco Coating Process (the "Improvements").

3. The License Agreement further requires Mafco and Borza to maintain the Mafco Coating Process and the Improvements as confidential, and the Mafco Coating Process and the Improvements are and continue to be Materion's trade secrets.

4. Mafco and Borza recently admitted to Materion that they are disclosing or otherwise using some or all of the Mafco Coating Process and Improvements for the benefit of one or more third parties without Materion's permission or consent. Mafco and Borza also have failed to disclose and assign over to Materion ownership of the Improvements as required by the License Agreement.

5. Mafco's and Borza's unauthorized disclosure and use of the Mafco Coating Process and Improvements and their failure to disclose and assign over to Materion ownership of the Improvements constitute willful and material breaches of the License Agreement and misappropriation of Materion's trade secret rights.

6. Accordingly, Materion seeks injunctive relief to compel Mafco and Borza to immediately discontinue any and all further breaches of the License Agreement and misappropriations of Materion's trade secrets and entry of an order compelling them to specifically perform all of their ongoing obligations under the License Agreement.

### The Parties

7. Materion is an Ohio corporation with its principal place of business in Mayfield Heights, Ohio.

8. Mafco is a Florida corporation with its place of business at 13250 95th Street, North, Largo, Florida 33773.

9. Borza is an individual and president of Mafco who, upon information and belief, is a Florida resident residing at 400 Normandy Road, Madeira Beach, FL 33708.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction over Materion's claims under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Mafco because Mafco has established the requisite minimum contacts in Ohio. Among other things, Mafco has transacted business and engaged in a persistent course of conduct in Ohio by, for example, negotiating, entering into and performing obligations under the License Agreement in Ohio, traveling to and providing services in Ohio, and agreeing to mediate certain disputes under the License Agreement in Ohio. Mafco also has knowingly and intentionally caused tortious injury in Ohio by acts and omissions occurring both in Ohio and outside of Ohio by breaching obligations owed to Materion under the License Agreement, misappropriating Materion's trade secrets, and otherwise engaging in the tortious and improper conduct set forth in this complaint.

12. This Court has personal jurisdiction over Borza because he has established the requisite minimum contacts in Ohio. Among other things, Borza has transacted business and engaged in a persistent course of conduct in Ohio by, for example, negotiating, entering into and performing obligations under the License Agreement in

Ohio, traveling to and providing services in Ohio, and agreeing to mediate certain disputes under the License Agreement in Ohio. Moreover, Borza has knowingly and intentionally caused tortious injury in Ohio by acts and omissions occurring both in Ohio and outside of Ohio by breaching obligations owed to Materion under the License Agreement, misappropriating Materion's trade secrets, and otherwise engaging in the tortious and improper conduct set forth in this complaint.

13. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Materion's claims occurred in this district and because Mafco and Borza are subject to personal jurisdiction in this district under Ohio law and therefore "reside" in the Northern District of Ohio according to federal law.

## Relevant Facts

### A. Materion and its Business

14. Materion is a leading global producer of highly-engineered advanced materials and related services.

15. Materion was founded in 1931 as The Brush Beryllium Company. It subsequently adopted the name Brush Wellman Inc. in 1971, before adopting its present name on March 8, 2011.

16. Materion and its predecessors have designed, produced, manufactured, and marketed a wide array of innovative products, including specialty engineered beryllium and copper-based alloys, beryllium alloys and beryllium composites.

17. Beryllium's properties, including high stiffness, high strength, low density, and efficient heat resistance and reflectivity, make it a desirable material for use in a wide

range of demanding end-use applications, such as precision optics on satellites, fighter jets, and research telescopes. Beryllium alloys and composites also are preferred for use in space structures and in the design of scientific reactors.

18. Materion in the early 1990s developed and introduced to the market a new class of beryllium-aluminum (or "AlBe") composite alloys having many desirable properties and characteristics. Materion's AlBe composite alloys combine the high modulus and low density characteristics of beryllium with the fabrication and mechanical property behaviors of aluminum, and include compositions specifically formulated for use in investment casting.

**B.      Materion's License Agreement with Mafco**

19. Anodizing and chemical coating AlBe composite alloys can improve a number of performance characteristics, including strength and corrosion resistance, by oxidizing the surface of the metal to form a protective and abrasion resistant anodic layer.

20. Materion initially used third-party service providers, including Mafco, for anodizing and chemical coating of its AlBe composite alloys.

21. After working together for a number of years, Materion and Mafco entered into discussions regarding Materion acquiring Mafco's beryllium and AlBe composite alloy anodizing and chemical coating processes. Their discussions concluded with Materion, Mafco and Borza entering into the License Agreement effective July 29, 2008.

22. Pursuant to the License Agreement, Materion paid Mafco and Borza $600,000 to purchase all relevant rights in and to all of their processes for anodizing and chemical coating beryllium-containing metals and composites, including AlBe composite

alloys, (*i.e.,* the "Mafco Coating Process") and all "Improvements" relating to the commercial practice of those processes.

23. Despite having effectively sold all of their rights in and to the Mafco Coating Process and all Improvements to Materion, Mafco and Borza recently informed Materion that they are developing and implementing a process and production line for anodizing beryllium metal, including AlBe composite alloys, for or on behalf of a third party that, upon information and belief, is a direct competitor of Materion.

24. Upon information and belief, Mafco had Borza have, without Materion's permission or consent, disclosed and used, and will inevitably will continue to disclose and use, the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party.

25. Mafco's and Borza's development and implementation of a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party without Materion's permission or consent constitutes a material breach of the License Agreement and a violation of Materion's other rights under controlling law.

26. By developing and implementing a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party without Materion's knowledge or consent, Mafco and Borza have, at a minimum, breached: Materion's exclusive and irrevocable right and license to the Mafco Coating Process, including the Improvements; their obligation to maintain all "Information" relating to the Mafco Coating Process and the Improvements as confidential and to not disclose them to

any third party; their obligation to not use any Information relating to the Mafco Coating Process or the Improvements except as expressly authorized in the License Agreement; and their duty to disclose all "Improvements" to Materion in writing, which includes all "Improvements" relating to or arising out of Mafco's and Borza's development and implementation of a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party.

27. Mafco and Borza also have misappropriated, and inevitably will continue misappropriating, Materion's trade secret rights in violation of Ohio's Uniform Trade Secrets Act, Ohio Rev. Code § 1333.61, by developing and implementing a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party without Materion's permission or consent.

28. As a result of Mafco's and Borza's multiple contractual breaches and their misappropriation of Materion's trade secrets, Mafco and Borza have caused Materion substantial damage and irreparable harm that is likely to, and inevitably will, continue unless and until they are enjoined from further disclosing and using Materion's confidential, proprietary and trade secret information relating to the Mafco Coating Process and the Improvements in violation of the License Agreement and compelled to specifically perform all of their obligations under that agreement.

## Count One
*Breach of the License Agreement by Mafco*

29. Materion incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

30. The License Agreement constitutes a valid and enforceable written contract between Materion and Mafco, and Materion has performed all of its obligations to Mafco under that agreement.

31. Mafco has and continues to breach the License Agreement by, among other acts and omissions, developing and implementing a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party without Materion's permission or consent and by failing to promptly disclose all Improvements to Materion in writing.

32. Unless enjoined and compelled to specifically perform its obligations under the License Agreement, Mafco's ongoing breaches of the License Agreement threaten Materion with irreparable harm for which it has no adequate remedy at law.

33. Unless Mafco is enjoined and compelled to specifically perform its obligations under the License Agreement, Materion will suffer loss of its valuable rights and intellectual property assets, including loss of customers and other damages, in an amount to be determined but reasonably believed to exceed $75,000.

**Count Two**
*Breach of the License Agreement by Borza*

34. Materion incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

35. The License Agreement constitutes a valid and enforceable written contract between Materion and Borza, and Materion has performed all of its obligations to Borza under that agreement.

36. Borza has and continues to breach the License Agreement by, among other acts and omissions, developing and implementing a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party without Materion's permission or consent and by failing to promptly disclose all Improvements to Materion in writing.

37. Unless enjoined and compelled to specifically perform its obligations under the License Agreement, Borza's ongoing breaches of the License Agreement threaten Materion with irreparable harm for which it has no adequate remedy at law.

38. Unless Borza is enjoined and compelled to specifically perform his obligations under the License Agreement, Materion will suffer loss of its valuable rights and intellectual property assets, including loss of customers and other damages, in an amount to be determined but reasonably believed to exceed $75,000.

## Count Three
*Trade Secret Misappropriation by Mafco*

39. Materion incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

40. The Mafco Coating Process and the Improvements constitute trade secrets under Ohio's Uniform Trade Secrets Act, Ohio Rev. Code § 1333.61.

41. The Mafco Coating Process and the Improvements derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, as shown by Materion's payment of $600,000 for all relevant rights relating thereto.

42. The Mafco Coating Process and the Improvements have been and continue to be the subject of efforts by Materion that are reasonable under the circumstances to maintain their secrecy, including the exclusivity, confidentiality and non-use restrictions in the License Agreement.

43. Mafco has misappropriated Materion's trade secrets by, among other acts and omissions, using and disclosing the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party in breach of the License Agreement without Materion's express or implied consent.

44. Mafco also has misappropriated Materion's trade secrets by using and disclosing the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party because, at the time of such use and disclosure, Mafco knew or had reason to know that its knowledge of Materion's trade secrets was acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use.

45. Mafco further has misappropriated Materion's trade secrets by using and disclosing the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party because, at the time of such use and disclosure, Mafco knew or had reason to know that its knowledge of Materion's trade secrets was derived from or though Borza, who owes Materion a duty to maintain their secrecy and limit their use.

46. Mafco's ongoing development and implementation of a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party inevitably will require Mafco to use Materion's confidential and proprietary trade secret information for the direct benefit of one of Materion's direct competitors.

47. Unless restrained and enjoined from engaging in the foregoing and compelled to specifically perform its obligations under the License Agreement, it is inevitable that Mafco will continue using and disclosing Materion's confidential, proprietary and trade secret information and that Materion will suffer loss of valuable intellectual property assets and the loss of customers and other damages.

48. Unless enjoined and compelled to specifically perform its obligations under the License Agreement, Mafco's ongoing disclosure and use of Materion's trade secrets threatens Materion with irreparable harm for which it has no adequate remedy at law by depriving Materion of control over and exclusive use of the valuable intellectual property assets comprising Materion's trade secret information.

49. Unless Mafco is enjoined from using or disclosing Materion's trade secret information and compelled to specifically perform its obligations under the License Agreement, Materion will suffer loss of its valuable intellectual property assets and loss of customers and other damages in an amount to be determined but reasonably believed to exceed $75,000.

## Count Four
*Trade Secret Misappropriation by Borza*

50. Materion incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

51. Borza has misappropriated Materion's trade secrets by using and disclosing the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party in breach of the License Agreement without Materion's express or implied consent.

52. Borza also has misappropriated Materion's trade secrets by using and disclosing the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party because, at the time of such use and disclosure, Borza knew or had reason to know that its knowledge of Materion's trade secrets was acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use.

53. Borza further has misappropriated Materion's trade secrets by using and disclosing the Mafco Coating Process and the Improvements to develop and implement a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party because, at the time of such use and disclosure, he knew or had reason to know that his knowledge of Materion's trade secrets was derived from or though Mafco, which owes Materion a duty to maintain their secrecy and limit their use.

54. Borza's ongoing development and implementation of a process and production line for anodizing beryllium metal, alloys and composites for or on behalf of a third party inevitably will require Borza to use Materion's confidential and proprietary trade secret information for the direct benefit of one of Materion's direct competitors.

55. Unless restrained and enjoined from engaging in the foregoing and compelled to specifically perform his obligations under the License Agreement, it is inevitable that Borza will continue using and disclosing Materion's confidential, proprietary and trade secret information and that Materion will suffer loss of valuable intellectual property assets and the loss of customers and other damages.

56. Unless enjoined and compelled to specifically perform his obligations under the License Agreement, Borza's ongoing disclosure and use of Materion's trade secrets threatens Materion with irreparable harm for which it has no adequate remedy at law by depriving Materion of control over and exclusive use of the valuable intellectual property assets comprising Materion's trade secret information.

57. Unless Borza is enjoined from using or disclosing Materion's trade secret information and compelled to specifically perform its obligations under the License Agreement, Materion will suffer loss of its valuable intellectual property assets and loss of customers and other damages in an amount to be determined but reasonably believed to exceed $75,000.

### **Prayer for Relief**

WHEREFORE, Materion prays for entry of judgment in its favor and against Mafco and Borza on each of the foregoing claims as order:

(A) that Mafco and Borza, their officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them be preliminarily and permanently enjoined from:

> developing or implementing a process and production line for anodizing beryllium metal, alloys or composites for or on behalf of any third party without Materion's express written consent;

disclosing or using any of Materion's confidential, proprietary or trade secret information for or on behalf of any third party without Materion's express written consent; and

otherwise breaching the License Agreement or misappropriating any of Materion's trade secrets;

(B) that Mafco and Borza be compelled to specifically perform all of their continuing obligations under the License Agreement, including:

preserving the exclusivity of Materion's irrevocable license to the Mafco Coating Process;

promptly disclosing to Materion in writing all Improvements to the Mafco Coating Process;

maintaining the Mafco Coating Process and all Improvements in confidence and not disclosing information relating thereto to any third party without Materion's express written consent; and

refraining from using the Mafco Coating Process or any Improvements for or on behalf of any third party without Materion's express written consent; and,

(C) that Materion be awarded such other and further relief as allowed at law or in equity that the Court deems to be appropriate.


Dated: September 17, 2014    /s/ David T. Movius
David T. Movius (0070132)
 dmovius@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400  |f 216.348.5474

*Counsel for Materion Brush Inc.*

## Jury Demand

Materion Brush Inc. hereby demands a jury trial for all issues so triable.

    /s/ David T. Movius
*Counsel for Materion Brush Inc.*